IN THE SUPREME COURT OF THE STATE OF DELAWARE

HILLARD M. WINN, §
§ No. 594, 2014
Defendant Below, §
Appellant, § Court Below–Superior Court of
§ the State of Delaware in and
v. § for New Castle County
§
STATE OF DELAWARE, § Cr. ID No. 0603002909
§
Plaintiff Below, §
Appellee. §

Submitted: January 29, 2015
Decided: March 30, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### O R D E R

This 30th day of March 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The appellant, Hillard M. Winn, filed this appeal from the Superior Court's October 2, 2014 order that summarily dismissed his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61") and denied his motion for appointment of counsel and "Motion for Evidentiary Hearing."[1] The appellee, State of Delaware, has moved to affirm the Superior

---

[1] *State v. Winn*, 2014 WL 5025792 (Del. Super. Oct. 2, 2014).

Court's judgment on the ground that it is manifest on the face of Winn's opening brief that the appeal is without merit.[2] We agree and affirm.

(2) The record reflects that New Castle County Police arrested Winn on March 5, 2006 on charges that he had, earlier that day, entered the apartment of a female acquaintance, where he assaulted and threatened to kill her. In September 2006, following a four-day jury trial, Winn was convicted of Burglary in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Assault in the Third Degree, and Terroristic Threatening. On January 3, 2007, the Superior Court declared Winn a habitual offender and sentenced him to a total of thirty-four years at Level V suspended after thirty-two years for one year at Level IV suspended after six months for probation. On direct appeal, this Court affirmed the Superior Court judgment,[3] and on June 2, 2008, the United States Supreme Court denied certiorari review.[4] Accordingly, Winn had until June 2, 2009 to file a timely motion for postconviction relief under Rule 61.[5]

---

[2] Del. Supr. Ct. R. 25(a).

[3] *Winn v. State*, 2008 WL 223257 (Del. Jan. 28, 2008).

[4] *Winn v. Delaware*, 553 U.S. 1085 (2008).

[5] *See* Del. Super. Ct. Crim. R. 61(i)(1) (providing that a motion for postconviction relief must be filed within one year after the judgment of conviction is final); *Id.* at (m)(3) (providing that, if a defendant files a petition for writ of certiorari seeking review of this Court's mandate or order, a conviction is final when the United States Supreme Court issues a mandate or order disposing of the case).

(3) Winn did not file a timely motion for postconviction relief under Rule 61. He did, however, file a federal habeas corpus petition in the United States District Court and a motion for correction of illegal sentence in the Superior Court. Winn's habeas petition, in relevant part, raised a claim under the Fourth Amendment, *i.e.*, that the New Castle County Police knowingly or recklessly relied on false statements to establish probable cause for the arrest warrant. Also, in connection with that claim, Winn requested a hearing under *Franks v. Delaware* (hereinafter "*Franks* hearing").[6]

(4) In 2010, the Superior Court denied Winn's motion for correction of illegal sentence,[7] and on appeal we affirmed.[8] In 2011, the District Court denied Winn's habeas petition, concluding, in relevant part, that Winn had a "full and fair opportunity" to litigate his Fourth Amendment claim in the Superior Court and on direct appeal in this Court.[9]

(5) Winn turned next to the Superior Court, filing on July 12, 2013, a "Motion for Evidentiary Hearing," where he again raised a Fourth Amendment claim and requested a *Franks* hearing. Upon preliminary review, the Superior

---

[6] *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (requiring a hearing when a defendant has made a "substantial preliminary showing" that the police knowingly or "with reckless disregard for the truth" relied on a false statement to establish probable cause).

[7] *State v. Winn*, 2010 WL 2477867 (Del. Super. June 17, 2010).

[8] *Winn v. State*, 2011 WL 556439 (Del. Feb. 16, 2011).

[9] *Winn v. Phelps*, 2011 WL 4543968 (D. Del. Sept. 29, 2011).

3

Court determined that the "Motion for Evidentiary Hearing" in effect sought a postconviction remedy under Rule 61. Accordingly, by order dated July 19, 2013, the Superior Court, under Rule 61(c), returned the "Motion for Evidentiary Hearing" to Winn with a "notice of noncompliance" and provided him with a required form and instructions on how to properly file a motion for postconviction relief.[10]

(6)    Eleven months later, on June 17, 2014, Winn filed a motion for postconviction relief and a motion for appointment of counsel. Also, Winn refiled his "Motion for Evidentiary Hearing." Winn's postconviction motion raised nine claims, including ineffective assistance of trial and appellate counsel, discovery violations, and due process violations occurring at trial and at sentencing.

(7)    On October 2, 2014, the Superior Court summarily dismissed Winn's postconviction motion as untimely filed under Rule 61(i)(1), procedurally barred under Rule 61(i)(3) or (4), and otherwise without merit.[11] The Superior Court denied Winn's motion for appointment of counsel and "Motion for Evidentiary Hearing" on the basis that Rule 61 did not require either the appointment of counsel for an untimely postconviction motion or an evidentiary hearing, and that

---

[10] Del. Super. Ct. Crim. R. 61(b), (c).

[11] *State v. Winn*, 2014 WL 5025792 (Del. Super. Oct. 2, 2014).

4

both motions were rendered moot by the summary dismissal of the postconviction motion.[12]  This appeal followed.

(8)  On appeal, Winn claims that the Superior Court abused its discretion when it did not apply Rule 61(b)(6) to his motion for postconviction relief and motion for appointment of counsel.  Also, Winn claims that the Superior Court abused its discretion when it did not rule on the merits of his Fourth Amendment claim as set forth in his "Motion for Evidentiary Hearing" as refiled on June 17, 2014.

(9)  Under Rule 61(b)(6), a motion for postconviction relief "may be amended as a matter of course at any time before a response is filed or thereafter by leave of court, which shall be freely given when justice so requires."[13]  In this case, according to Winn, had the Superior Court applied Rule 61(b)(6) and deemed his June 17, 2014 motion for postconviction relief and motion for appointment of counsel as filed on July 12, 2013, the date he initially filed the "Motion for Evidentiary Hearing," the court would have been required to appoint counsel under the version of Rule 61(e)(1) in effect on July 12, 2013.[14]  Winn's claim is without merit.

---

[12] *Id.*, at *4.

[13] Del. Super. Ct. Crim. R. 61(b)(6).

[14] On July 12, 2013, Rule 61(e)(1) provided that the Superior Court would appoint counsel for an indigent movant's first postconviction proceeding.  In February 2014, Rule 61(e)(1) was

5

(10)  The Superior Court did not accept Winn's "Motion for Evidentiary Hearing" as a motion for postconviction relief under Rule 61.  Rather, the court returned   the "Motion for Evidentiary Hearing" to Winn with a "notice of noncompliance" and instructions on how to properly file a motion under Rule 61.  Under these circumstances, the Superior Court was not required, under Rule 61(b)(6) or otherwise, to consider Winn's June 17, 2014 motion for postconviction relief and motion for appointment of counsel as filed on July 12, 2013, the initial filing date of the "Motion for Evidentiary hearing."

(11)  Nor was the Superior Court required to consider the merits of Winn's Fourth Amendment claim as set forth in his "Motion for Evidentiary Hearing" as refiled on June 17, 2014.  Under Rule 61, the Superior Court has broad discretion when determining whether an evidentiary hearing is necessary.[15]

(12)  In this case, the Superior Court returned Winn's initial "Motion for Evidentiary hearing" with instructions to raise the claims, namely the Fourth Amendment claim, in a motion for postconviction relief.[16]  Rather than include the Fourth Amendment claim in his motion for postconviction relief, as required by

---

amended to limit the appointment of counsel to a "first *timely* postconviction proceeding" (emphasis added).

[15] Del. Super. Ct. Crim. R. 61(h).

[16] *See id.* at (b)(2) (governing content of motion for postconviction relief) ("The motion shall specify all the grounds for relief which are available to the movant and of which the movant has, or by the exercise of reasonable diligence, should have knowledge, and shall set forth in summary form the facts supporting each of the grounds thus specified.")).

6

Rule 61 and as instructed, Winn chose to refile the previously rejected "Motion for Evidentiary Hearing." Because Winn's Fourth Amendment claim was not properly raised in the "Motion for Evidentiary Hearing" as initially filed on July 12, 2013 and as refiled on June 17, 2014, the Superior Court's denial of the "Motion for Evidentiary Hearing," without considering the merits of the Fourth Amendment claim, was not an abuse of discretion. Moreover, because the Fourth Amendment claim was considered and rejected by the District Court in its September 29, 2011 memorandum opinion denying Winn's habeas petition, we conclude, in this appeal, that the Fourth Amendment claim is procedurally barred as formerly adjudicated under Rule 61 without exception.[17]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[17] *Id.* at (i)(4), (5).